IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| REINALDO PÉREZ-CUEVAS, et al.,<br><br>    Plaintiffs<br><br>    v.<br><br>CIGNA GROUP INSURANCE, et al.,<br><br>    Defendants | CIVIL NO. 10-1446 (JP) |

## **OPINION AND ORDER**

Before the Court is Defendant CIGNA Group Insurance's ("CIGNA Group") unopposed motion to dismiss Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (**No. 10**).[1] To date, Plaintiff has not filed an opposition to Defendant's motion to dismiss.[2] For the reasons stated herein, Defendant's motion to dismiss is hereby **GRANTED**.

---

1. The Court notes that no other Defendant has filed a response to the pending motions.

2. Instead of filing a response to Defendant CIGNA Group's motion, Plaintiff filed a motion requesting the dismissal of all claims against CIGNA Group without prejudice and requesting the Court to order the case against all other Defendants to continue in the Puerto Rico Superior Court (**No. 11**). Plaintiffs' motion states, in part, "Defendant accepts that at this point [it] does not have any basis for a claim against defendant Cigna Group Insurance and request the present case to be dismissed without prejudice." It appears that Plaintiffs meant to say that *Plaintiffs* do not have any basis for a claim against Defendant CIGNA Group. Nevertheless, Plaintiffs provide no reason to support their motion to dismiss the case against Defendant CIGNA Group without prejudice. Defendant CIGNA Group filed an opposition to Plaintiffs' motion (No. 12). For the reasons stated herein, Plaintiffs' motion is **DENIED**.

CIVIL NO. 10-1446 (JP)        -2-

I. **FACTUAL BACKGROUND**

On May 23, 2010 this case was removed by Defendant CIGNA Group from the Commonwealth of Puerto Rico Court of First Instance Superior Court, Arecibo Part. Plaintiffs are Reinaldo Pérez-Cuevas and Linex Moux-Dávila and minors, Yerlin Lucero Pérez-Moux, Linn M. Pérez-Moux, Linyer Nicole Pérez-Moux, and María L. Piñeiro-Vélez. Plaintiffs filed their complaint for breach of contract, damages, declaratory judgment, annulment of benefits due to falsification of signature, and reinstatement of benefits due to change of beneficiary. Plaintiffs' complaint alleges that this cause of action arises from the life insurance policy of the decedent, Carmín L. Cuevas-López ("Cuevas-López"). The decedent allegedly acquired the life insurance policy in the amount of $103,000.00 with Defendant CIGNA Group on January 19, 1995. Plaintiffs allege that the decedent originally designated her children as the beneficiaries of the policy. However, Plaintiffs allege that on January 29, 2008 the decedent executed an open will in which she referred to her life insurance and stated her desire to change the designated beneficiaries to her granddaughters and one great-granddaughter.

After Cuevas-López passed away on March 5, 2009, a signed request to change the beneficiaries to her daughter, Ivonne Lucero Cuevas, as the sole beneficiary of said life insurance policy emerged. The signed request was dated May 12, 1997. Plaintiffs

CIVIL NO. 10-1446 (JP)          -3-

allege that the signature on the request to change the beneficiary on the life insurance policy to the decedent's daughter was not decedent's signature. Plaintiffs filed suit to have the proceeds of the insurance policy distributed in accordance to decedent's open will.

On April 26, 2010, Plaintiffs filed the instant action under Articles 1130, 1057, 1059, and 1077 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, §§ 3180, 3021, 3023, 3052. Plaintiffs allege that Defendant CIGNA Group was not diligent when it approved Defendant Ivonne Lucero Cuevas' claim to receive the proceeds from the life insurance policy and that it acted negligently in failing to inform the previous beneficiaries and decedent about the request to change beneficiaries with decedent's falsified signature. Thus, CIGNA Group breached the contract with decedent to respect the decedent's will and distribute the money as she had designated. Plaintiffs also seek damages for the original beneficiaries.

## II. **LEGAL STANDARD FOR A MOTION TO DISMISS**

According to the Supreme Court, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 561-62 (2007). As such, in order to survive a motion to dismiss, a complaint must state a claim to relief that is plausible on its face, not merely conceivable. Id. at 570.

CIVIL NO. 10-1446 (JP)        -4-

The Court of Appeal for the First Circuit has interpreted Twombly as sounding the death knell for the oft-quoted language of Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 94-95 (1st Cir. 2007) (quoting Twombly, 550 U.S. at 561). Still, a court must "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 997 (1st Cir. 1992).

### III. ANALYSIS

Defendant CIGNA Group moves to dismiss Plaintiffs' claims against it on the ground that Plaintiffs' state law claims for breach of contract and damages arise out of an employee benefit plan governed by the Employment Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.*, ("ERISA"), and thus, Plaintiffs' claim are preempted by ERISA. Moreover, Defendant argues that it is not a proper defendant because "CIGNA Group Insurance" is not a legal entity but rather a trade name. The Court will examine each argument in turn.

#### A. Preemption by ERISA

Defendant argues that Plaintiffs' state law breach of contract and damages claims are preempted by ERISA. Plaintiffs do not oppose

CIVIL NO. 10-1446 (JP)        -5-

Defendant CIGNA Group's motion, and thus, do not contest that their claims are preempted by ERISA.  Plaintiffs' complaint does not mention any federal statute and is purportedly based entirely on Puerto Rico law.  Defendant argues that the decedent's life insurance policy at issue (also known as the Group Flexible Premium Adjustable Life Insurance Policy, number 0006448) was an employee welfare benefits plan granted by decedent's employer, Merrill Lynch & Co., Inc. ("Merrill Lynch"), as part of decedent's employment benefits.[3] The life insurance plan was issued by non-party Connecticut General Life Insurance Company ("CCGLIC") for the benefit of Merrill Lynch's employees.

ERISA applies to any "employee benefit plan" established or maintained by an employer engaged in commerce.  29 U.S.C. § 1003(a).[4] An "employee welfare benefit plan" or "welfare plan" includes "any plan, fund, or program which was . . . established or maintained by an employer . . . to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its

---

3.   Merrill Lynch was named in Plaintiffs' state court complaint as a defendant.

4.   Section 1003(a) specifically provides:

> Except as provided in subsection (b) or (c) of this section and in sections 1051, 1081, and 1101 of this title, this subchapter shall apply to any employee benefit plan if it is established or maintained: (1) by any employer engaged in commerce or in any industry or activity affecting commerce; or (2) by any employee organization or organizations representing employees engaged in commerce or (3) by both.

29 U.S.C. § 1003(a).

CIVIL NO. 10-1446 (JP)          -6-

participants or their beneficiaries . . . benefits in the event of sickness, accident, disability, death or unemployment . . . ." 29 U.S.C. § 1002(1).  In the instant case, neither party contests that the life insurance policy constitutes an employee welfare benefit plan, and the Court agrees.  The life insurance policy at issue qualifies as an employee welfare benefit plan because it was established by decedent's employer, Merrill Lynch, for the purpose of providing the participants' beneficiaries with benefits in the event of death.

Section 514(a), ERISA's preemption clause, provides that ERISA "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). The term "State law" includes "all laws, decisions, rules, regulations, or other State action having the effect of law, of any State." 29 U.S.C. § 1144(c)(1); see also Shaw v. Delta Air Lines, 463 U.S. 85, 92 (1983).  Puerto Rico is considered a state for ERISA purposes.   29 U.S.C. § 1002(10); see Rosario-Cordero v. Crowley Towing & Transp. Co., 46 F.3d 120, 122 (1st Cir. 1995).  The First Circuit Court of Appeals has stated that "ERISA preemption is, as a general matter, expansive in scope." Rosario-Cordero, 46 F.3d at 122 (quoting McCoy v. Massachusetts Inst. of Technology, 950 F.2d 13, 16 (1st Cir. 1991)).

CIVIL NO. 10-1446 (JP)          -7-

The Supreme Court established two tests for determining whether a cause of action "relates to" and is thus, preempted by ERISA. Vartanian v. Monsanto, 14 F.3d 697, 700 (1st Cir. 1994) (citing Ingersoll-Rand, Co. v. McClendon, 498 U.S. 133, 139 (1990)). A cause of action relates to and is preempted by ERISA if in order to prevail, a Plaintiff must plead, and the Court must find, that an ERISA plan exists, or if the cause of action conflicts directly with an ERISA cause of action. Id.

In the instant case, the Court finds that, because in order to prevail Plaintiffs must plead and the Court must find that the life insurance policy at issue, the ERISA plan, exists, Plaintiffs' claims for breach of contract and damages are related to, and thus, preempted by ERISA. See Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 44 (1987) (holding that ERISA preempts Plaintiff's suit under state law for the alleged improper processing of his claim for benefits under the ERISA regulated benefit plan); Hampers v. W.R. Grace & Co., 202 F.3d 44, 51 (1st Cir. 2000) (holding that Plaintiff's state law contract claim alleged the same conduct as in the ERISA claim and was therefore preempted); Turner v. Fallon Cmty. Health Plan, Inc., 127 F.3d 196, 197-98 (1st Cir. 1997) (finding that Plaintiff's state breach of contract claim fell within ERISA's enforcement provisions); Escobar Galíndez v. Ortho Pharmaceutical, 328 F. Supp. 2d 213, 230-31 (D.P.R. 2004) (finding that Plaintiffs' breach of contract and

CIVIL NO. 10-1446 (JP)          -8-

tort claims for the alleged wrongful denial of health care and disability benefits required the court to evaluate and interpret the ERISA regulated plan and were preempted); Álamo Rodríguez v. MCS Life Ins. Co., 283 F. Supp. 2d 459, 467-68 (D.P.R. 2003) (holding that ERISA preempted Plaintiff's claims under Article 1802 of the Puerto Rico Civil Code).

Accordingly, the Court finds that Plaintiffs' state law claims against Defendant are preempted by ERISA. As such, Plaintiffs' claims against Defendant CIGNA Group will be dismissed with prejudice.

### B. CIGNA Group's Request for Judicial Notice

Defendant CIGNA Group requests the Court to take judicial notice that CIGNA Group is a trade name or commercial name grouping different legal entities that offer life, health and disability insurance products. In support, Defendant provides a document showing that "CIGNA GROUP INSURANCE" is registered in the United States Patent and Trademark Office under Registration No. 2,563,544 (No. 10-2). Defendant argues that CIGNA Group is not a proper party in this cause of action because it is not a legal entity but rather a trade name. Federal Rule of Evidence 201, which applies to judicial notice of adjudicative facts, provides:

> A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination

CIVIL NO. 10-1446 (JP)          -9-

>  by resort to sources whose accuracy cannot reasonably be questioned.

Fed. R. Evid. 201(b). Rule 201 states that a court "shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). Further, a court is permitted to take judicial notice at any stage in the proceedings. Fed R. Evid. 201(f); U.S. v. Southard, 700 F.2d 1, 25-26 (1st Cir. 1983). Given the evidence presented by Defendant, the Court hereby takes judicial notice that "CIGNA Group Insurance" is a trade name registered under Registration No. 2,563,544.

### C. Plaintiffs' State Law Claims Against the Remaining Defendants

Plaintiffs' complaint alleges only state law claims against the remaining Defendants, and none of the other Defendants have filed motions or responsive pleadings in this Court. As such, because Plaintiffs no longer have federal claims pending before the Court, the Court will not exercise supplemental jurisdiction over Plaintiffs' remaining state law claims. See 28 U.S.C. § 1367(c)(3); Rivera v. Murphy, 979 F.2d 259, 264 (1st Cir. 1992). The Court hereby dismisses Plaintiffs' state law claims against the remaining Defendants without prejudice of filing in state court.

### IV. CONCLUSION

For the reasons stated herein, the Court hereby **GRANTS** Defendant CIGNA Group's motion to dismiss Plaintiffs' complaint against it.

CIVIL NO. 10-1446 (JP)             -10-

Plaintiffs' state law claims against Defendant CIGNA Group are hereby dismissed with prejudice.  Plaintiffs' state law claims against the remaining Defendants are hereby dismissed without prejudice of filing in state court.  In accordance with this Opinion and Order, the Court will enter a separate judgment.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 15th day of February, 2011.

                                    s/José Antonio Fusté
                                JOSÉ ANTONIO FUSTÉ
                             CHIEF U.S. DISTRICT JUDGE